WATTS v. BAKER et al. (No. 5903.)

(Court of Civil Appeals of Texas. Austin. March 27, 1918. Rehearing Denied May 1, 1918.)

JUDGMENT ⬥⇒447(3)—SETTING ASIDE—FRAUD.

Although the jury found that defendant was prevented from defending a suit by the fraud of plaintiff, defendant was not entitled to an injunction against the judgment, where the jury also found that defendant was liable for the bill which was the basis for the judgment, although the bill was barred by limitations, defendant not having alleged that she would have pleaded limitations.

Appeal from District Court, Coryell County; J. H. Arnold, Judge.

Suit by Mrs. Dora Watts to restrain Dr. E. B. Baker and others from selling stock levied on under execution. Judgment for defendants, and plaintiff appeals. Affirmed.

Mears & Watkins, of Gatesville, for appellant. McClellan & McClellan, of Gatesville, for appellees.

JENKINS, J. Appellant brought this suit to enjoin the sale of certain stock levied on by a constable of precinct No. 1, Coryell county, by virtue of execution issued out of the justice court of precinct No. 1 of said county, in cause No. 9181, wherein Dr. Baker obtained a judgment against appellant for medical services rendered to the child of appellant's son. Appellant alleged in her petition for injunction that when citation was served upon her in said suit she sent her son, Jim Gooch, to Dr. Baker, telling him that she did not owe the debt, and that Dr. Baker sent her word that she need not appeal in said cause, and that he would immediately dismiss the same; that she relied upon said statement, and did not know that judgment had been rendered against her in said cause until the execution herein sought to be enjoined was levied upon her property. The case was submitted upon special issues, and the findings of the jury support the foregoing allegations.

In addition to the issues with reference to the matters above set forth, the court submitted issue No. 5, as follows:

"Did the defendant, Dr. E. B. Baker, make the visits which form the basis of the judgment obtained by him in cause No. 9181, in the justice court of precinct No. 1, of Coryell county, Tex., upon an agreement with Mrs. Watts to the effect that she would pay for his medical services in the family of her son, William Gooch?" To which the jury answered, "Yes."

The allegations in plaintiff's petition, which the jury found to be true, are sufficient to have entitled her to an injunction herein, if she had alleged and proven that she had a valid defense in cause No. 9181. She made such allegation, but the jury found against her thereon. In order to obtain an injunction against a judgment rendered in a court of competent jurisdiction, it is necessary, not only to show that the applicant was prevented by the fraud of the other party from having his day in court, but also that he had a valid defense to the cause of action which he could and would have presented but for the fraud of the opposite party.

It appears from the record herein, that the account sued on in cause No. 9181 was barred by limitation when said suit was filed, but appellant does not allege in her petition for injunction that she would have pleaded limitation in said cause, and she did not plead limitation in the county court. Her only allegation in reference to the injustice of the judgment obtained in the justice court was that she did not owe the debt, and had never owed the same.

No valid defense being alleged and shown in this cause, the court did not err in entering judgment dissolving the temporary injunction which had theretofore been entered herein.

Affirmed.